IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOWARD N. MAYBURY, :

    Plaintiff, :

    vs. : Case No. 3:06cv363

CURTIS F. SLATON, et al., : JUDGE WALTER HERBERT RICE

    Defendants. :

---

DECISION AND ENTRY OVERRULING AS MOOT DEFENDANTS'
MOTION IN LIMINE (DOC. #75); DECISION AND ENTRY OVERRULING
PLAINTIFF'S SECOND MOTION IN LIMINE (DOC. #77)

---

This litigation is before the Court on the following motions, to wit: Defendants' Motion in Limine (Doc. #75) and Plaintiff's Second Motion in Limine (Doc. #77). The Court rules upon those motion in the above order.

With their earlier motion, the Defendants argue that this Court should prevent Plaintiff from introducing evidence of front pay or back pay. Given that the Court has concluded that Defendants are entitled to summary judgment on all aspects of Plaintiff's claims arising out of the termination of his employment, evidence of front or back pay will be inadmissible as irrelevant during the trial of this litigation, irrespective of the reasons presented by Defendants as to why such

evidence should be excluded.  Accordingly, the Court overrules as moot Defendants' Motion in Limine (Doc. #75).

With his Second Motion in Limine (Doc. #77), Plaintiff requests that the Court prohibit the introduction of evidence relating to the settlement agreement into which he has entered with Wayside Body Shop, Inc. ("Wayside").  In particular, Plaintiff focuses upon his concern that Defendants will attempt to introduce evidence of the amount of that settlement, which he argues is inadmissible under Rule 408 of the Federal Rules of Evidence.  Rule 408, which is titled "Compromise and Offers to Compromise," provides:

> (a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
> (b) Permitted uses.—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a).  Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

In their memorandum opposing Plaintiff's Second Motion in Limine, Defendants disclaim any intention of offering evidence of the amount of the settlement; rather, they state that they will use the settlement agreement in order to show bias or prejudice on the part of Mark Campbell ("Campbell"), the owner of Wayside, because that agreement requires Campbell and Plaintiff to cooperate in their respective claims against the Defendants.  See Doc. #80 at 7-8.  Since using a

settlement agreement to show prejudice or bias on the part of a witness is an expressly permitted use under Rule 408(b), rather than being a prohibited use under Rule 408(a), the Court overrules Plaintiff's Second Motion in Limine (Doc. #77).

February 2, 2010

                                              /s/ Walter Herbert Rice
                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.